ERIK AGREN, as Guardian ad Litem of ROGER C. AGREN, an Infant, Respondent, v. KENNETH H. KELLER, Appellant.— Appellant contends that plaintiff was guilty of contributory negligence as a matter of law and that he was free from negligence resulting from a collision when the plaintiff's automobile ran into the rear of defendant's automobile which was stopped on the road during adverse winter conditions. Defendant was returning to Syracuse, traveling on Route 8, on February 16, 1958 at about 2:15 P.M. under adverse winter weather. The witness testified the road was covered with snow and that blizzard conditions prevailed. Due to trouble with a chain on the rear wheel, defendant stopped his automobile on a straight part of the road, waited for an automobile proceeding in the opposite direction to pass and was about to alight from his car when it was struck in the rear by the automobile of the plaintiff. Both automobiles had their headlights illuminated. The plaintiff contended his visibility was hindered and he failed to see the automobile of the defendant until approximately a car length away due to the blowing of snow caused by the automobile described by defendant as going in the opposite direction. Defendant contended that the speed of plaintiff's automobile — 25-30 miles per hour — under the circumstances, and failure to observe his stopped vehicle constituted negligence on the part of the plaintiff. While not controlling on the subject, the testimony of defendant that just prior to his stopping, his automobile was traveling 30–35 miles an hour might well negate the argument as to speed. Taking into consideration the modern road and the high-powered automobiles which travel thereon, it was a factual question for the jury to determine whether the speed of plaintiff's automobile and his visibility under the weather conditions prevailing constituted negligence. From a reading of the record, it is apparent that the time from the stopping of defendant's car to the collision was a matter of seconds. As to the negligence of the defendant, it seems to be a fair inference if he had not stopped where he did, the accident would not have happened and there is

no testimony of any emergency requiring such sudden stopping. He was familiar with the weather conditions, the visibility and the other hazards and his testimony that he could not tell whether he stopped on the paved portion of the road — because of the snow — justified submitting the question of his negligence to the jury. In negligence cases each is governed, almost entirely, by its own particular facts. The only issues on appeal here concern the question of negligence of the respective drivers and we are unable to say the verdict of the jury was erroneous as a matter of law. Judgment and order unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.