■ EILEEN D'ARIENZO, Individually and as Parent and Natural Guardian of CHRISTOPHER D'ARIENZO, et al., Infants, Appellant, v ARNOLD MANDERVILLE et al., Respondents. (Action No. 1.) ANTHONY D'ARIENZO, Appellant, v ARNOLD MANDERVILLE et al., Respondents. (Action No. 2.) — Appeals from a judgment of the Supreme Court in favor of defendants in action Nos. 1 and 2, entered September 15, 1983 in Chanango County, upon a decision of the court at Trial Term (Lee, Jr., J.), without a jury.

The primary issue presented on this appeal is whether there was sufficient evidence before the trial court to support its decision finding (1) that plaintiffs had failed to meet their burden of proof on the issue of the negligence of defendants in both actions, and (2) that the negligence of plaintiff Anthony D'Arienzo was the proximate cause of the accident. The other issue presented is whether the trial court's admission into evidence of a New York State Police accident report constituted

reversible error. We conclude that there was sufficient evidence before the trial court to support its decision and that the trial court did not commit reversible error in admitting the State Police accident report into evidence. The judgment should be affirmed.

On Sunday, March 5, 1978 at about 10:30 A.M., Anthony D'Arienzo, plaintiff in action No. 2, was driving southbound on Chenango County Route 27 near the Town of Coventry. D'Arienzo's wife, Eileen, and their three children, Christopher, Angela and Nicky, who are plaintiffs in action No. 1, were riding with him in Eileen D'Arienzo's car. Arnold Manderville, a defendant in both actions, was operating his car northbound on Route 27 at the time of the accident. Leslie Tiffany, also a defendant in both actions, was driving his car southbound following behind the D'Arienzo car. Manderville had been traveling at about 40 miles per hour and the southbound cars had been proceeding at about 30 to 35 miles per hour approaching the accident scene. The weather that day was clear with some wind.

When Manderville saw snow blowing across the road about 800 to 1,000 feet in front of him, he slowed to about 20 miles per hour. As Manderville's car approached the D'Arienzo car, there was a "whiteout" and his visibility was limited. The Manderville car and the D'Arienzo vehicle collided on the two-lane road. Anthony D'Arienzo testified that Manderville entered his southbound lane, while Manderville said that the D'Arienzo car came into his northbound land. Tiffany, who followed the D'Arienzo car into the blowing snow, testified that he lost sight of the D'Arienzo car for a few seconds. When the snow cleared, he saw the collision in front of him and applied his brakes, but slid into the rear of the D'Arienzo car.

State Trooper John McAvoy testified that, from his personal observation of the scene of the accident, the collision occurred in the northbound lane. McAvoy stated that about three quarters of the D'Arienzo car was in the northbound lane and that no part of the Manderville car was in the southbound lane. After the trooper's testimony, his accident report was admitted into evidence over objection. This report was a duplicate of the lost original report, reconstructed by McAvoy from his notes some 260 days after the collision.

The case was tried before the court without a jury as to liability only. The trial court found that plaintiffs failed to meet their burden of proving that either of defendants were negligent and dismissed the complaint in both actions. The court also held that Anthony D'Arienzo's negligence was the proximate cause of the accident. These appeals followed.

The trial court correctly ruled that driving in blowing snow with reduced visibility, under the conditions shown, was not negligence as a matter of law, but rather a factual question to be resolved by the trier of the fact (*Agren v Keller,* 9 AD2d 1000). In a nonjury case, the rule is that: "[T]his court's inquiry is not limited to whether the findings were supported by some credible evidence. If it appears on all the credible evidence that a different finding or a finding different from that of the court is not unreasonable, then this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony" (*Koester v State of New York,* 90 AD2d 357, 363-364, quoting *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). In the instant case a fair interpretation of the evidence supports the decision of the trial court. There is no reason to disturb that decision.

Turning to the issue of the propriety of the admission into evidence of the reconstructed police accident report, we note that the report was based on the personal observations of the scene by McAvoy, not on hearsay statements, and made by a person who was under a business duty to make the report. It is therefore admissible under CPLR 4518 (subd [a]) as long as it was made within a reasonable time of the event (see *Johnson v Lutz,* 253 NY 124, 128; see, also, *Toll v State of New York,* 32 AD2d 47, 49-50).

McAvoy prepared an accident report shortly after the accident which somehow became lost. Some eight months after the accident, he prepared a duplicate report. Since the reconstructed report was prepared from McAvoy's original notes and memory at that time, it does not appear that the trial court abused its discretion in admitting the report into evidence.

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.