■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v CNA INSURANCE COMPANIES et al., Defendants, and CONTINENTAL CASUALTY COMPANY, Respondent.—Harvey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Lefkowitz, J.), entered May 20, 1991 in Rockland County, upon a decision of the court in favor of defendant Continental Casualty Company.

Joseph Raheb began working for Standard Data Corporation (hereinafter SDC) in the late 1970s. In March 1982, Raheb was informed that he had cancer. At that time, Raheb needed to replace his family car for his personal use but was financially unable to do so on his own. He approached his boss, SDC's president, Mark Iobst, and asked for assistance. After a conversation with Iobst, Raheb went to defendant T. L. Schultz Leasing and Rent-A-Car, Inc. (hereinafter Schultz) and executed a monthly car rental agreement. The agreement listed SDC as the customer and Raheb as the driver. Thereafter, either Raheb or his wife signed monthly rental agreements with Schultz before receiving whatever car would be their rental that month.

This situation continued until September 6, 1982 when Raheb's wife, while driving the rental vehicle, struck a bicyclist, defendant Robert Johnson. The damaged vehicle was returned to Schultz and Raheb made no further rentals.[1] Subsequently, a personal injury action was commenced on Johnson's behalf against Raheb's wife, Schultz, SDC and others. Schultz was insured by plaintiff and SDC had insurance

---

1. Raheb entered the hospital the day after his wife's accident. He did not return to work at SDC although he received disability payments until his death in January 1983.

under policies issued by defendant Continental Casualty Company (hereinafter Continental). The underlying personal injury action was settled for $1.5 million with plaintiff assuming liability under its primary policy for the first $100,000 in damages and the remaining $1,400,000 tentatively divided between plaintiff and Continental.[2]

This declaratory judgment action was then commenced to determine the final responsibility for and apportionment of the remaining settlement amount. The pivotal issue to be determined in the matter was whether SDC could be considered an "owner" of the rental vehicle within the meaning of the insurance policies. Following a nonjury trial, Supreme Court found that SDC was not an owner of the vehicle and that plaintiff was solely liable for the remaining $1.4 million in damages. A declaratory judgment in favor of Continental was entered. Plaintiff then took this appeal.

We affirm. In our view, Supreme Court did not err in finding that SDC was not the lessee or customer of Schultz. Continental was therefore not liable under its insurance policies for damages arising from the accident involving Raheb's wife. We agree with Supreme Court that the evidence favored a finding that SDC did not rent the vehicle but accorded an accommodation, gift or informal loan to Raheb out of sympathy for his unfortunate situation.

Unquestionably, liability will only flow to Continental as SDC's carrier if there is some basis in law, contract or statute to bind SDC to the transaction. With respect to imputing contractual liability to SDC, we note that the evidence unequivocally established that SDC did not directly contract for the vehicle with Schultz. Raheb rented the vehicles with his own American Express card and, upon being billed by Schultz, Raheb would submit an expense voucher to SDC for reimbursement. He was then reimbursed for the rental amount by company check. Although Raheb did list SDC's name on the preprinted rental agreement as the designated customer, this had no real relevance as far as Schultz was concerned because it obviously looked to Raheb's credit for payment, not that of SDC. Significantly, because SDC only received a copy of the American Express statement and not the lease agreement itself, there is no evidence that SDC was aware that its name

2. In addition to its primary $100,000 policy, plaintiff had an excess liability policy that insured, *inter alia,* Schultz for $5 million. Continental insured SDC under a policy in the amount of $600,000 and also under an umbrella policy of $3 million.

was on the agreement. Likewise, there is no evidence that Raheb was actually authorized to put SDC's name on the agreement. In fact, Supreme Court specifically found that Raheb was not authorized to list SDC as the customer. Therefore, there is no persuasive proof of a direct contract.

Plaintiff maintains, however, that SDC at least hired the vehicle indirectly through its reimbursement of Raheb's rental costs. We note that although plaintiff contends that SDC actually provided Raheb with a "company car" in connection with his employment, there was evidence to the effect that it was SDC policy, in company car situations, for employees who rented vehicles *not* to list SDC on the rental agreements. In addition, it appears that company cars were only bestowed on high-level SDC executives who actually needed them for business purposes and that Raheb was not such a person. Instead, Iobst testified that he considered Raheb to be a personal friend as well as an employee and he was very sympathetic to Raheb's situation. Raheb's wife testified that Iobst paid for a trip for her husband and daughter to Disneyland before he died and also donated money to the family on at least one other occasion. Further evidence of the informality of the transaction, aside from the fact that SDC received no benefit from helping Raheb, is the fact that no terms, agreements or requests for repayment were ever made by SDC to Raheb or his wife.

Instead, given the lack of real evidence that SDC was providing a company car through its reimbursement, the stronger inferences in this case support the proposition that the reimbursement was a gift or accommodation.[3] Notably, the mere supplying of funds is not the legal equivalent of the actual hiring or rental of a vehicle *(see, e.g., Young v Seckler,* 74 AD2d 155, 157). SDC used the reimbursement process instead of simply giving the money to Raheb for the rental costs so as to take advantage of an accounting mechanism and tax deduction, thus making the transaction more fiscally palatable. Because the weight of the evidence favors the interpretation given by Supreme Court *(see, D'Arienzo v Manderville,* 106 AD2d 686, 688), we find no reason to disturb its decision. Plaintiff's remaining arguments have been considered and rejected.

---

**3.** We note that Supreme Court did not find it necessary to finally decide whether the rental reimbursement was a loan or gift to Raheb. The court commented that what SDC did or did not do with respect to its taxes or accounting books was basically irrelevant to the issue of whether SDC owned the vehicle.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.