■ JACQUELINE LEBRON, Respondent, v BRENTWOOD UNION FREE SCHOOL DISTRICT et al., Appellants. [623 NYS2d 117] —In an action to recover damages for personal injuries, the defen-

dants appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered December 9, 1992, which, after a nonjury trial finding the defendant William Coppinger's negligence to be the sole proximate cause of the plaintiff's injuries, is in favor of the plaintiff and against the defendants in the principal sum of $222,800.

Ordered that the judgment is affirmed, with costs.

As the result of an automobile accident on March 12, 1990, the plaintiff suffered, *inter alia,* a permanent scar on her lip and chin and permanent numbness to that area. The trial court determined that the defendant William Coppinger's negligent driving was the sole proximate cause of the plaintiff's injuries and awarded the plaintiff, *inter alia,* damages in the amount of $40,000 for the scar and neurological damage to her lip and chin.

The defendants contend that the trial court improperly weighed the evidence and should have attributed 25% of the responsibility for the accident to the plaintiff.

The resolution of issues of credibility and reliability of the witnesses, as well as the weight to be accorded to the evidence presented, is primarily a question to be determined by the trier-of-fact, who saw and heard the witnesses *(see, Barnet v Cannizzaro,* 3 AD2d 745).

Here, the trial court found the testimony of the defendant William Coppinger to be implausible, concluding that if the two vehicles had proceeded as he had described, the accident would never have occurred. The court weighed all of the evidence before it and concluded that the defendant William Coppinger's negligent conduct in failing to yield the right of way was the sole proximate cause of the accident. Upon the exercise of our factual review power, we are satisfied that the trial court's verdict is supported by a fair interpretation of the evidence *(see, D'Arienzo v Manderville,* 106 AD2d 686).

Furthermore, considering the plaintiff's life expectancy of an additional 55 years and the permanency of her facial scar and accompanying neurological deficit, the trial court's award is not excessive since it does not materially deviate from what would be reasonable compensation *(see,* CPLR 5501 [c]). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.