■ FAIRCHILD WAREHOUSE ASSOCIATES, L. L. C., et al., Appellants, v UNITED BANK OF KUWAIT, PLC, Respondent, et al., Defendant. [716 NYS2d 62] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated August 16, 1999, as granted the motion of the defendant United Bank of Kuwait, PLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

The plaintiff Fairchild Warehouse Associates, L. L. C., and its members (hereinafter collectively referred to as Fairchild) brought this action seeking, *inter alia*, damages for breach of contract, as well as for specific performance of an oral modification agreement. Fairchild asserts that an oral agreement was reached with a representative of United Bank of Kuwait, PLC (hereinafter the Bank of Kuwait), in which the Bank of Kuwait agreed not to exercise its right to declare Fairchild in default of a mortgage agreement and Fairchild agreed to apply rental

income from the subject property towards reduction of the principal balance. The Bank of Kuwait denies the existence of an oral modification agreement, asserting that, in any event, the original mortgage prohibited oral modifications.

Generally, a written agreement which includes a proscription against oral modifications can only be changed by an "executory agreement * * * in writing" (General Obligations Law § 15-301 [1]). However, an oral modification is enforceable if the party seeking enforcement can demonstrate partial performance of the oral modification, which performance must be unequivocally referable to the modification (*see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343). Contrary to the contention of the Bank of Kuwait, Fairchild raised a triable issue of fact in response to the motion for summary judgment by submitting evidence showing partial performance of the alleged oral modification (*see, Rose v Spa Realty Assocs., supra; Zipser v Zipser,* 244 AD2d 548). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.