■ FAIRCHILD WAREHOUSE ASSOCIATES, L. L. C., et al., Appellants, v UNITED BANK OF KUWAIT, P. L. C., Respondent, et al., Defendant. [727 NYS2d 153] —Motion by the respondent for leave to reargue an appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated August 16, 1999, which was determined by decision and order of this Court dated November 13, 2000, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers submitted in opposition thereto, it is

Ordered that the branch of the respondent's motion which is for leave to reargue is granted and the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated November 13, 2000 (see, Fairchild Warehouse Assocs. v United Bank, 277 AD2d 278) is recalled and vacated and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated August 16, 1999, as granted the motion of the defendant United Bank of Kuwait, P. L. C., for summary

judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the respondent's motion which was for summary judgment dismissing the first five causes of action insofar as asserted against it, and substituting therefore a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The plaintiff Fairchild Warehouse Associates, L. L. C., and its members (hereinafter collectively referred to as Fairchild) brought this action seeking, *inter alia*, damages for breach of contract, as well as for specific performance of an oral modification agreement. Fairchild asserts that an oral agreement was reached with a representative of United Bank of Kuwait, P. L. C. (hereinafter the Bank of Kuwait), in which the Bank of Kuwait agreed not to exercise its right to declare Fairchild in default of a mortgage agreement and Fairchild agreed to apply rental income from the subject property toward reduction of the principal balance. The Bank of Kuwait denies the existence of an oral modification agreement, asserting that, in any event, the original mortgage prohibited oral modifications.

Generally, a written agreement which includes a proscription against oral modifications can only be changed by an "executory agreement * * * in writing" (General Obligations Law § 15-301 [1]). However, an oral modification is enforceable if the party seeking enforcement can demonstrate partial performance of the oral modification, which performance must be unequivocally referable to the modification (*see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343). Contrary to the contention of the Bank of Kuwait, Fairchild raised a triable issue of fact in response to the motion for summary judgment by submitting evidence showing partial performance of the alleged oral modification (*see, Rose v Spa Realty Assocs., supra; Zipser v Zipser,* 244 AD2d 548).

The Supreme Court properly dismissed Fairchild's sixth cause of action. Fairchild failed to establish a prima facie claim of discrimination under the Equal Credit Opportunity Act, 15 USC § 1691 (*see, Williams v First Fed. Sav. & Loan Assn.,* 554 F Supp 447, *affd* 697 F2d 302). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.