■ ROBERT M. CALICA, Appellant, v REISMAN, PEIREZ & REISMAN, LLP, et al., Respondents. [744 NYS2d 495] —In an action, inter alia, for an accounting and a judgment declaring that the plaintiff is entitled to a lien upon any recovery obtained in a class action, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered October 20, 2000, as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to dismiss the first cause of action is denied, and the first cause of action is reinstated.

The plaintiff was a partner at Reisman, Peirez, Reisman & Calica for 16 years, beginning in 1983. In 1994 the partners entered into an agreement which provided that a partner's interest upon withdrawal was limited to his capital account and a pro rata share of the firm's profits for the year in which the withdrawal took place. The partnership agreement also contained a provision prohibiting oral modification. The firm's caseload consisted almost entirely of cases handled on an hourly basis. In 1995, the plaintiff, acting on behalf of the firm, commenced a large class action suit. The class action required the firm to invest a great deal of time and money, but presented an opportunity to possibly earn a significant contingency fee.

In 1999, the plaintiff decided to withdraw from the firm and notified his partners months in advance. At a meeting held without notifying the plaintiff, the partners decided that the withdrawal would become effective immediately. After the plaintiff left the law firm, he permitted his new associate, who had formerly worked for the firm on the class action, to assist the firm with the case at a substantially reduced hourly wage.

In February 2000, the plaintiff commenced this action against the firm, its partners, and the firm's counsel with respect to the class action, seeking, inter alia, an accounting and a declaration that he was entitled to a lien upon any recovery obtained in the class action. In his first cause of action, the plaintiff alleged that the defendants wrongfully appropriated his interest in the potentially lucrative class action, which he described as a unique "firm investment" to which the firm had devoted substantial resources over the preceding years.

The Supreme Court granted that branch of the defendants' motion which was to dismiss the first cause of action, determining that the partnership agreement expressly limited the plaintiff's compensation as a withdrawing partner to his capital account and his pro rata share of the partnership's profits for the year he withdrew. The plaintiff argues that the Supreme Court erred in dismissing the first cause of action because there is evidence that the agreement was orally modified. We agree.

Generally, a written agreement which prohibits oral modification can only be changed by an "executory agreement * * * in writing" (General Obligations Law § 15-301 [1]; *see Fair-*

*child Warehouse Assoc. v United Bank of Kuwait,* 285 AD2d 444, 445). However, an oral modification is enforceable if the party seeking enforcement can demonstrate partial performance of the oral modification, which performance must be unequivocally referable to the modification (*see Rose v Spa Realty Assoc.,* 42 NY2d 338; *Fairchild Warehouse Assoc. v United Bank of Kuwait, supra*). In this case, there is a triable issue of fact as to whether the parties' conduct in permitting the plaintiff's associate to assist the defendants with the class action after the plaintiff withdrew from the firm was unequivocally referable to an oral agreement that the class action would not be subject to the partnership agreement (*see Rose v Spa Realty Assoc., supra; Planet Waste Mgt. v Computer Assoc. Intl.,* 269 AD2d 376). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the first cause of action. Goldstein, J.P., McGinity, H. Miller and Townes, JJ., concur.