■ Harold Donald, Respondent, v Thomas Barbato et al.,
Appellants. [810 NYS2d 665]—

In an action for specific performance of a contract for the sale
of real property, the defendants appeal from so much of an or-
der of the Supreme Court, Richmond County (Maltese, J.), dated
July 27, 2005, as denied their cross motion for summary judg-
ment on their second counterclaim to declare the parties'
contract null and void and to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from,
with costs.

The defendants made a prima facie showing of their entitle-
ment to judgment as a matter of law on their second counter-
claim by relying upon the language of a cancellation provision
in the contract of sale (*see generally Alvarez v Prospect Hosp.*,
68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64
NY2d 851 [1985]). However, in opposition to the cross motion,
the plaintiff submitted sufficient admissible evidence, in the
form of affidavits and correspondence between the parties'
representatives, to raise triable issues of fact as to whether
there was partial performance of an oral modification and
therefore whether the parties validly modified their agreement,
whether the defendants should be estopped from exercising
their right to cancel the contract (*see Rose v Spa Realty Assoc.*,
42 NY2d 338, 343-344 [1977]; *J & R Landscaping v Damianos*,
1 AD3d 563, 564-565 [2003]), and whether the defendants
waived the provision of the contract upon which they presently
rely (*see Kistela v Ahlers*, 22 AD3d 641 [2005]; *Golfo v Kycia
Assoc., Inc.*, 15 AD3d 540 [2005]; *Ehrenpreis v Klein*, 260 AD2d
532 [1999]; *Gresser v Princi*, 128 AD2d 752 [1987]). Accordingly,
contrary to the defendants' contention, the Supreme Court
properly denied their cross motion for summary judgment.
Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.