◼ JUDY HEALY, Appellant, v KEVIN WILLIAMS, Respondent. [818 NYS2d 121]—

In an action for a money judgment for breach of a stipulation of settlement, which was incorporated but not merged in the parties' judgment of divorce, the plaintiff appeals from so much of a judgment of the County Court, Suffolk County (Kerins, J.), entered February 22, 2005, as, upon a decision of the same court dated December 22, 2004, made after a nonjury trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In 1992 the parties entered into a marital stipulation (herein-after the stipulation) pursuant to which the defendant father was to pay the sum of $243 per week for child support for their two children, subject to cost-of-living adjustments. The stipulation included a proscription against oral modification of its terms. The stipulation awarded the plaintiff exclusive use and occupancy of the marital home until the occurrence of a terminating event. One of the enumerated terminating events was the plaintiff's cohabitation with an unrelated male for 30 consecutive days. The record clearly demonstrated that in or prior to August 1993, the plaintiff resided with an unrelated male in the former marital residence (potentially triggering a terminating event).

The trial court found that in September 1993 the parties orally agreed to suspend the defendant's obligation to pay child support in the sum of $243 per week and reduced the payment to the sum of $300 per month per child. The trial court credited the defendant's testimony that the plaintiff received consideration from the defendant based on his agreement to defer his right to terminate her exclusive use and occupancy and to compel the immediate sale of the marital premises. The record clearly showed that in 1996 the plaintiff, who has since remarried, purchased the defendant's equity in the marital premises for a sum that was considerably less than fair market value. The court accepted the defendant's testimony which established that he accepted the lesser sum because the plaintiff agreed to extinguish the balance due on the suspended child support obligation and to permanently fix his obligation at the sum of $300 per month per child. In 1997, the older child began to reside with the defendant. Thereafter, the defendant paid the plaintiff the sum of $300 per month for the one child residing with her. From May 2000 to July 2002, each check for $300 also contained the notation "child support balance 0." The plaintiff endorsed these checks during that two-year period, before the subject enforcement proceeding was commenced.

As a general rule, where a contract has a provision which explicitly prohibits oral modification, such clause is afforded great deference (see General Obligations Law § 15-301 [1]; Calica v Reisman, Peirez & Reisman, 296 AD2d 367 [2002]). Where such a clause is present, one claiming that provisions of the agreement were orally modified can only prevail upon proof that there was an oral modification and that the performance of the modification was not merely executory, but had actually been performed in a manner which was unequivocally referable

to that oral modification (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]; *Kayser v Kayser*, 18 AD3d 441, 442 [2005]; *Sparer v Sparer*, 227 AD2d 613 [1996]). We agree with the trial court that, under the unique facts presented herein, the defendant met that burden.

In reviewing a determination made after a nonjury trial, "the power of the Appellate Division . . . is as broad as that of the trial court . . . and . . . it may render the judgment as it finds warranted by the facts, taking into account that in a close case . . . 'the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citations omitted], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]). "The credibility of the witnesses, the reconciliation of conflicting statements, a determination of which should be accepted and which rejected, the truthfulness and accuracy of the testimony, whether contradictory or not, [are] issues for the trier of the facts . . . The memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by a trial judge who sees and hears the witnesses than by appellate judges who simply read the printed record" (*Barnet v Cannizzaro*, 3 AD2d 745, 747 [1957] [citation omitted]; *see LeBron v Brentwood Union Free School Dist.*, 212 AD2d 512, 513 [1995]; *Segal v McDaniel Ford*, 201 AD2d 717 [1994]).

Here, contrary to the plaintiff's contention, the trial court properly credited the defendant's testimony over that of the plaintiff. According to the defendant's testimony, in exchange for the reduction of his child support obligation, he had twice waived his right, pursuant to the stipulation, to force a sale of the marital home, and then agreed to a buyout payment that was little more than half the value of his interest in the house. Additionally the court heard proof that one of the children resided with the defendant, the agreed level of child support was accepted without objection for five years, and during a portion of this time written notations on the child support checks indicated that no balance was due on the defendant's child support obligation. This testimony was sufficient to support the court's conclusion that the defendant had provided valuable consideration in exchange for the modification. It further supported a finding that there had been partial performance and, as the parties' conduct conformed to the terms of the alleged oral agreement, and the record did not indicate other motivations for either party's conduct, that the performance was unequivocally referable to the oral modification (*see Rose v Spa*

*Realty Assoc., supra; cf. Gomes v Gomes,* 303 AD2d 454, 455 [2003]; *Gower v Gower,* 240 AD2d 632 [1997]). Accordingly, the court properly found that the oral modification was enforceable and dismissed the complaint. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.