In the Matter of STUART HOROWITZ, Respondent, v MARGIE HOROWITZ, Appellant. [835 NYS2d 394]—

In a proceeding, in effect, pursuant to CPLR 5015 (a) (3) and 5240, inter alia, to vacate an income execution, Margie Horowitz appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated March 15, 2006, which granted the application of Stuart Horowitz to vacate an income execution and the underlying judgment she obtained by confession in connection with a prior matrimonial action between the parties, to enjoin her, her attorneys and agents, and the Sheriff of Nassau County from taking any further action against him pursuant to the aforesaid judgment by confession and income execution, and to impose sanctions upon her to the extent of directing her to reimburse him for attorney's fees he incurred in this proceeding.

Ordered that the order is affirmed, with costs.

The January 1997 stipulation settling the underlying matrimonial action between Margie Horowitz (hereinafter the wife) and Stuart Horowitz (hereinafter the husband) provided, inter alia, that the husband would make monthly payments of maintenance and child support totaling $3 million over the course of 20 years, and that, as security for those payments, the husband would deliver to the wife, among other things, a confession of judgment in the amount of $3 million, which the wife could file and act upon in the event that the husband defaulted on his payments and remained in default for a period of one year. During the protracted proceedings that ensued, the Supreme Court, inter alia, denied the husband's application for a downward modification of his support obligations, found that the husband had defaulted on his support obligations for a period exceeding one year, and adjudged the husband in contempt of court. Although the court, in September 2003, authorized the filing of the confession of judgment executed by the husband, the wife

did not do so at that time. In June 2005 the parties entered into a so-ordered stipulation acknowledging that the husband had paid, and the wife had accepted, a lump sum of $185,000 in full satisfaction of all maintenance and child support arrears, late fees, and interest.

In August 2005, although the husband was then current on his maintenance and child support obligations, the wife filed the confession of judgment executed by the husband in 1997, obtained a judgment by confession in the principal sum of $2,359,272.99, and delivered to the Nassau County Sheriff's Office an income execution based on the judgment by confession. The husband commenced this proceeding to vacate the income execution and the judgment by confession, to enjoin the wife and others from taking any further action against him pursuant to the judgment by confession and income execution, and to impose sanctions upon the wife by directing her to reimburse him for attorney's fees incurred in this proceeding. The Supreme Court granted the husband's application in all respects, and the wife appeals. We affirm.

The January 1997 stipulation expressly provided that the purpose of the confession of judgment executed by the husband was "to secure the amount due to the Wife for maintenance and child support," and it did so by, in effect, accelerating the husband's debt in the event of a default continuing for at least one year. The wife elected to procure the payments owed to her through negotiation with the husband, which culminated in the June 2005 so-ordered stipulation. Contrary to the wife's contention, she was not entitled to collect the secured amount by receiving a lump sum payment for arrears and ongoing payments from June 2005 forward, and to collect the secured amount again by invoking a security or enforcement device (i.e., the confession of judgment executed in 1997). By accepting the husband's payment of $185,000 in full satisfaction of all arrears, late fees, and interest that was then due, the wife waived her right to collect those amounts through the alternative means of accelerating the husband's debt (cf. *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175 [1982]; *Suffolk County Natl. Bank v Columbia Telecom. Group, Inc.*, 38 AD3d 644 [2007]; *Sarcona v DeGiaimo*, 226 AD2d 1143 [1996]; *More Realty Corp. v Mootchnick*, 232 App Div 705 [1931]). Accordingly, the Supreme Court properly granted the husband's application to vacate the income execution and the judgment by confession, and to enjoin the wife and others from enforcing the judgment by confession.

The Supreme Court did not improvidently exercise its discre-

tion in directing the wife to reimburse the husband for attorney's fees incurred in this proceeding (*see* 22 NYCRR 130-1.1). Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.