■ SUBODH SAHA, Respondent, v SAMKAR K. PADDER, Appellant. [989 NYS2d 370]—

In an action to recover the amount due on a loan, the defendant appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered December 24, 2012, which, after a nonjury trial, is in favor of the plaintiff and against him, in the principal sum of $158,375.

Ordered that the judgment is affirmed, with costs.

The parties are taxi drivers who allegedly purchased two New York City taxicab medallions, the titles to which were subsequently memorialized in two "Deed[s] of Transfer," with the plaintiff holding title to one medallion, 7F19, and the defendant holding title to the other, 1F18. Over the course of time, various transfers of money were made between the parties, including one transfer from the plaintiff to the defendant in the sum of $158,375, allegedly to facilitate the defendant's purchase of the 1F18 medallion. The plaintiff alleges that the parties orally agreed that he was loaning this sum to the defendant at the interest rate of 6.25%, and that the defendant was obligated to repay this amount "[w]henever he can." The defendant asserts that the parties never made such an agreement. The plaintiff thereafter commenced this action to recover the amount due on the oral loan agreement. After a nonjury trial, the Supreme Court concluded that the plaintiff was entitled to the principal sum of $158,375.

We find no reason to disturb the Supreme Court's factual determination that the parties entered into an oral loan agreement (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Healy v Williams*, 30 AD3d 466, 468 [2006]). As the defendant concedes, the loan agreement at issue could have been performed within one year of the making thereof (*see* General Obligations Law § 5-701 [a] [1]). Therefore, the statute of frauds does not apply to this agreement, and enforcement of the agreement is not barred by virtue of it not having been memorialized in writing (*see* General Obligations Law § 5-701 [a] [1]). Moreover, the court's determi-

nation in favor of the plaintiff was based upon factual conclusions arrived at by weighing the evidence presented by both parties, and was not against the weight of the evidence or contrary to law (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.