■ In the Matter of LATIN EVENTS, LLC, Respondent, v HAROLD DOLEY, Appellant. [990 NYS2d 600]—

In a proceeding, inter alia, pursuant to RPAPL 721 (10) to recover possession of certain leased premises and the return of rent and a security deposit, Harold Doley appeals from a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated May 23, 2013, which, upon two orders of the same court dated September 28, 2012, and April 1, 2013, is in favor of the petitioner and against him for the return of rent and the security deposit in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law, with costs, the orders dated September 28, 2012, and April 1, 2013, are vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

"Generally, a written agreement which prohibits oral modification can only be changed by an 'executory agreement . . . in writing' " (*Calica v Reisman, Peirez & Reisman*, 296 AD2d 367, 368 [2002], quoting General Obligations Law § 15-301 [1]). "However, an oral modification is enforceable if the party seeking enforcement can demonstrate partial performance of the oral modification, which performance must be unequivocally referable to the modification" (*Calica v Reisman, Peirez & Reisman*, 296 AD2d at 369; *see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]; *Healy v Williams*, 30 AD3d 466, 467 [2006]).

In this summary proceeding, the petitioner, a lessee, demonstrated, prima facie, that it was entitled to recover the security deposit and rent it paid in the sum of $50,000 pursuant to the

parties' lease in anticipation of possession of the premises (*see Donald v Barbato*, 27 AD3d 414 [2006]). However, in opposition, the appellant, the landlord, submitted sufficient evidence to raise a triable issue of fact as to whether there was partial performance of an oral modification of the lease and, therefore, whether the parties validly modified their agreement (*see* CPLR 409 [b]; *Rose v Spa Realty Assoc.*, 42 NY2d at 343-344; *Donald v Barbato*, 27 AD3d at 414). Accordingly, the Supreme Court erred in summarily granting the petition to the extent of awarding the petitioner $50,000, and the matter must be remitted to the Supreme Court, Westchester County, for an evidentiary hearing in connection with this issue, and for a new determination of the petition thereafter (*see* CPLR 409 [a]; *Matter of Jurnove v Lawrence*, 38 AD3d 895, 896 [2007]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.