Vizel v Vitale (2020 NY Slip Op 03140)





Vizel v Vitale


2020 NY Slip Op 03140


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-12449
 (Index No. 502107/16)

[*1]Avi Vizel, appellant-respondent,
v
Brian Vitale, etc., respondent-appellant.


Bruck LLP, Brooklyn, NY (Yair M. Bruck of counsel), for appellant-respondent.
Cornicello, Tendler & Baumel-Cornicello, LLP, New York, NY (Anthony J. Cornicello, Marianna L. Picciocchi, and Jay H. Berg of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a valid lease for certain premises, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated September 18, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's cross motion which were for summary judgment on the first and second causes of action in the amended complaint, and granted those branches of the defendant's motion which were for summary judgment, in effect, declaring that the subject lease did not contain a valid and enforceable option and that the lease had expired by its own terms on June 30, 2015, and on the second counterclaim. The order, insofar as cross-appealed from, denied those branches of the defendant's motion which were for summary judgment on the fifth and sixth counterclaims.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject lease did not contain a valid and enforceable option and that the lease had expired by its own terms on June 30, 2015.
In 2010, the plaintiff, as tenant, entered into a five-year lease with the defendant, as landlord, for certain commercial premises in Brooklyn. The agreement set forth fixed dollar amounts for annual rent, which increased for each successive year of the lease. The lease also contained an option to renew for an additional five-year term, conditioned upon the plaintiff not being in default under any provision of the lease. The option to renew was silent with regard to the rent to be paid during the renewal term.
In addition, the lease obligated the plaintiff to pay to the defendant the previous tenant's outstanding financial obligations, and also to purchase fixtures and equipment left behind by the previous tenant (hereinafter the purchase debt). The purchase debt was to be paid by the plaintiff in installments as additional rent.
Several months before the expiration date of the lease, the plaintiff advised the defendant in writing of his election to renew the lease. A few weeks after the original lease term expired, the defendant sent the plaintiff an amended lease which, among other things, set forth a fixed rent schedule for the renewal period that was substantially higher than the rent for the original lease term. The plaintiff did not execute the amended lease and instead continued to make rent payments in the amount he had been paying in the final year of the original lease term, contending that he had properly exercised the option to renew and was entitled to continue paying the rent charged under the original lease term during the renewal term. In January 2016, the defendant returned to the plaintiff six undeposited rent checks and notified the plaintiff that his tenancy was terminated. When the plaintiff refused to vacate the premises, the defendant commenced a holdover proceeding against him.
The plaintiff commenced this action, inter alia, for a judgment declaring that the subject lease had been validly renewed through June 30, 2020, and for injunctive relief staying the holdover proceeding commenced by the defendant. Noting that the annual rent increases under the original term of the lease amounted to three percent per year, the plaintiff alleged that the parties "understood" that the rent for the renewal period would likewise increase at a rate of three percent annually from the rent charged under the original lease term. The defendant asserted six counterclaims in his answer. In relevant part, the first counterclaim sought a judgment declaring that the lease did not contain a valid and enforceable option and that the lease had expired by its terms on June 30, 2015. The second counterclaim sought to recover damages for the plaintiff's use and occupancy of the leasehold premises during the holdover period. The fifth and sixth counterclaims sought to recover damages for the outstanding balance of the purchase debt and for late charges in connection therewith, respectively.
In an order dated September 18, 2018, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment, in effect, declaring that the lease did not contain a valid and enforceable option and that the lease had expired by its own terms on June 30, 2015, and on the second counterclaim, and determined that the defendant was entitled to recover damages for the plaintiff's use and occupancy of the leasehold premises in an amount to be determined at a subsequent framed-issue hearing. The court further determined that triable issues of fact precluded an award of summary judgment in favor of the defendant on the fifth and sixth counterclaims to recover the balance of the purchase debt and late charges. The court denied the plaintiff's cross motion for summary judgment. The plaintiff appeals, and the defendant cross-appeals, from the order.
We agree with the Supreme Court's granting of those branches of the defendant's motion which were for summary judgment, in effect, declaring that the lease did not contain a valid and enforceable option and that the lease had expired by its terms on June 30, 2015, and on the second counterclaim, as the option to renew was unenforceable for lack of definiteness. "The doctrine of definiteness or certainty is well established in contract law. In short, it means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to" (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91). Among the terms of a lease that must be known is the amount of rent that is to be paid (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109; Mur-Mil Caterers, Inc. v Werner, 166 AD2d 565, 566). The doctrine of definiteness, however, is not applied rigidly, and "where it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain" (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d at 91). In the absence of an explicit contract term, the requirement of definiteness may be satisfied where: (1) the agreement itself sets forth an agreed methodology for determining the missing term within its four corners or (2) the agreement invites recourse to an objective extrinsic event, condition, or standard to ascertain the term (see id. at 91-92; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 109).
Here, the parties' failure to set forth either the amount of rent to be paid during the renewal period, or an agreed formula, methodology, or objective extrinsic event by which that rent [*2]could be determined, rendered the option to renew an unenforceable agreement to agree (see generally Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 109; NHD Nigani, LLC v Angelina Zabel Props., Inc., 161 AD3d 758, 761; Total Telcom Group Corp. v Kendal on Hudson, 157 AD3d 746, 747). Thus, the defendant demonstrated his prima facie entitlement to judgment as a matter of law on the first and second counterclaims. The plaintiff's contention that the fixed rent amounts under the original lease term effectively evidenced the parties' agreement to a formula whereby rent would continue to increase by three percent annually during the renewal term was insufficient to raise a triable issue of fact in opposition to the motion, since this claim is belied not only by the omission of such a term from the lease itself, but also by the plaintiff's own failure to pay any such three percent increase after the expiration of the original lease term. Accordingly, we agree with the Supreme Court's determination granting those branches of the defendant's motion which were for summary judgment, in effect, declaring that the lease did not contain a valid and enforceable option and that the lease had expired by its terms on June 30, 2015, and on the second counterclaim, and denying those branches of the plaintiff's cross motion which were for summary judgment on the first and second causes of action in the amended complaint.
We further agree with the Supreme Court's denial of those branches of the defendant's motion which were for summary judgment on the fifth and sixth counterclaims to recover the purchase debt and late charges. "Generally, a written agreement which prohibits oral modification can only be changed by an executory agreement . . . in writing'" (Calica v Reisman, Peirez & Reisman, 296 AD2d 367, 368, quoting General Obligations Law § 15-301[1]). "However, an oral modification is enforceable if the party seeking enforcement can demonstrate partial performance of the oral modification, which performance must be unequivocally referable to the modification" (Calica v Reisman, Peirez & Reisman, 296 AD2d at 369; see Rose v Spa Realty Assoc., 42 NY2d 338, 343-344; Matter of Latin Events, LLC v Doley, 120 AD3d 501).
Here, the defendant demonstrated, prima facie, that the plaintiff defaulted under the terms of lease when the plaintiff ceased to make monthly payments towards the purchase debt (see Renali Realty Group 3 v Robbins MBW Corp., 259 AD2d 682). However, in opposition, the plaintiff submitted sufficient evidence to raise a triable issue of fact as to whether there was partial performance of a modification of the lease whereby the defendant waived the plaintiff's obligation to pay the balance of the purchase debt (see Rose v Spa Realty Assoc., 42 NY2d at 343-344; Matter of Latin Events, LLC v Doley, 120 AD3d at 501-502).
In view of the foregoing, we do not reach the parties' remaining contentions.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject lease did not contain a valid and enforceable option and that the lease had expired by its terms on June 30, 2015 (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.

2018-12449 DECISION & ORDER ON MOTION
Avi Vizel, appellant-respondent,
v Brian Vitale, etc., respondent-appellant.
(Index No. 502107/16)

Motion by the respondent-appellant on an appeal and cross appeal from an order of the Supreme Court, Kings County, dated September 18, 2018, inter alia, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated July 15, 2019, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is denied.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court