Valentin Plaza, LLC v 228 Bushwick, LLC (2020 NY Slip Op 04615)





Valentin Plaza, LLC v 228 Bushwick, LLC


2020 NY Slip Op 04615


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10970
 (Index No. 12064/14)

[*1]Valentin Plaza, LLC, appellant, 
v
228 Bushwick, LLC, respondent, et al., defendants.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Edward A. Vincent of counsel), for appellant.
Law Firm of Hugh H. Mo, P.C., New York, NY (Pedro Medina of counsel), for respondent 228 Bushwick, LLC.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated September 7, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging breach of contract insofar as asserted against the defendants 228 Bushwick, LLC, and W N Realty, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Valentin Plaza, LLC, and the defendants 228 Bushwick, LLC (hereinafter Bushwick), and W N Realty, LLC (hereinafter W N; hereinafter together the defendants), entered into an agreement to jointly develop certain real property located in Brooklyn into residential condominiums, among other things (hereinafter the JDA). Pursuant to the terms of the JDA, the plaintiff agreed to contribute its 25% ownership interest in the subject property and to guarantee a construction loan in exchange for title to several of the condominium units and a parking space in the underground garage after construction was complete. Construction began in 2008, and, in 2010, Bushwick and the plaintiff entered into a separate agreement whereby the plaintiff agreed to take title to specific condominium units (hereinafter the subject units) as set forth in such separate agreement, and in exchange for the plaintiff's performance under the JDA. However, after the issuance of the certificate of occupancy in 2011, the subject units were sold to third-party purchasers.
In August 2014, the plaintiff commenced this action against the defendants, among others, alleging, inter alia, breach of contract and fraudulent inducement, and seeking specific performance, based largely on the defendants' failure to convey title to the subject units to the plaintiff. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the breach of contract causes of action insofar as asserted against the defendants. Bushwick, its principal, the defendant Teddy Li, and a member of Bushwick, the defendant Hui Li, opposed the motion, contending, among other things, that the plaintiff orally agreed to sell the subject units to third-party purchasers and to keep any amounts left over at the closing after the loan and other fees were paid, and further, agreed to accept $500,000 in full settlement of the claims it [*2]asserts in this action. In reply, the plaintiff maintained that any such oral modification violates General Obligations Law §§ 5-703 and 15-301, and as such, is void and unenforceable. In an order dated September 7, 2017, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging breach of contract insofar as asserted against the defendants, finding that there was a triable issue of fact regarding whether the JDA was orally modified by the parties. The plaintiff appeals.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). If this showing is made, the burden shifts to the opposing party to produce evidence in admissible form sufficient to establish the existence of triable issues of fact which require a trial of the action (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Here, through its documentary submissions, including but not limited to the recorded deeds for the subject units, the plaintiff established, prima facie, that it performed its obligations under the JDA, and that the defendants failed to convey title to the subject units to the plaintiff as set forth therein (see Federico v Dolitsky, 176 AD3d 916, 918). However, the documents submitted in opposition, including, but not limited to, the closing statements for the conveyance of the subject units to the third-party purchasers, which evidence the plaintiff's presence at such closings and the plaintiff's receipt of the surplus funds at such closings, in addition to the plaintiff's receipt of $500,000 in additional funds from Bushwick, raised a triable issue of fact as to whether the plaintiff's actions were "unequivocally referable" to the oral modification of the JDA to take the JDA outside the statute of frauds (Rose v Spa Realty Assoc., 42 NY2d 338, 343; see Matter of Latin Events, LLC v Doley, 120 AD3d 501).
Accordingly, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging breach of contract insofar as asserted against the defendants.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court