■ In the Matter of IRVING O. FARBER, PLLC, Appellant, v MICHAEL H. KAMALIAN, Respondent. [791 NYS2d 609]—

In a proceeding to enforce an attorney's lien pursuant to Judiciary Law § 475, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 6, 2003, as granted the petition only to the extent of awarding a fee in the sum of $5,160 in quantum meruit for the legal services rendered to the respondent in a defamation action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' written retainer agreement, which provided, inter alia, that any modifications must be in writing and signed by both parties, was unambiguous. Accordingly, the purported oral contingency fee modification was unenforceable (*see Greenfield v Philles Records,* 98 NY2d 562 [2002]; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Breed v Insurance Co. of North Am.,* 46 NY2d 351, 355 [1978]).

General Obligations Law § 15-301 (1) provides that "[a] written agreement . . . which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought." An oral modification will be enforced if there is part

performance that is unequivocally referable to the modification, and a showing of equitable estoppel (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]). The "conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written" (*id.* at 344).

The conduct of the parties did not evidence an indisputable mutual departure from the written retainer agreement (*id.* at 344). Accordingly, the purported oral contingency fee modification was unenforceable.

The petitioner's remaining contentions are without merit. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.