■ Michael Tucker et al., Respondents, v Am Sutton Associates et al., Appellants. [792 NYS2d 539]—

In an action to recover damages for breach of contract and fraudulent misrepresentation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated February 27, 2003, as granted the plaintiffs' motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and, upon searching the record, summary judgment is awarded to the defendants

dismissing the plaintiffs' cause of action to recover damages for fraudulent misrepresentation.

In October 1996 the parties entered into a contract which provided that the defendants would construct an addition to an existing house for a "fixed lump sum of $120,000." The size of the addition was described in the contract as "1500 s.f. or larger." Pursuant to the contract, in addition to the services to be provided for that fixed lump sum of $120,000, the defendants were willing to provide "additional services" relating to designs for additions or modifications to the project and "specialty work including but not limited to interior design," upon the written authorization of the plaintiffs.

Thereafter, the project was expanded from 1500 square feet to 2200 square feet. Construction stopped in February 1997 after the subcontractor completed the frame and roof of the addition and installed the windows. In letters to the defendants, the plaintiffs acknowledged that they had already agreed to upgrades which were not part of the original $120,000 budget and asked for "the complete itemized budget for the entire job." In response, the defendants provided the information requested, including the costs of the "added scope" of the project. The costs of the "added scope" included the increased costs of the frame and roof of the 2200 square-foot structure and upgrades which the plaintiffs acknowledged they had agreed to. The defendants claimed that the total cost of the project was $173,917, the basic contract cost of $120,000, plus $53,887 for the "added scope" and upgrades.

In view of the foregoing, there are issues of fact as to whether the defendants unjustifiably abandoned the project or stopped construction because the plaintiffs refused to pay them for the modifications and upgrades the plaintiffs authorized. We note that if the plaintiffs consented to upgrades and modifications without written authorization, such consent may constitute a waiver of the written authorization requirement (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]).

Further, upon searching the record, we find that the plaintiffs' cause of action to recover damages for fraudulent misrepresentation should be dismissed since the only fraud alleged related to the cause of action to recover damages for breach of contract (*see Merritt v Hooshang Constr.*, 216 AD2d 542 [1995]).

The defendant's remaining contention is unpreserved for appellate review. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.