■ LAKE ANNE REALTY CORP., Respondent, v LAKE ANNE AT MONROE ASSOCIATES, LLC, et al., Appellants. [814 NYS2d 533]—

In an action, inter alia, for a judgment declaring that the parties' contract for the sale of real property was terminated and that the plaintiff was entitled to retain all payments made thereunder as liquidated damages, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Slobod, J.), dated February 17, 2005, as, upon an order of the same court dated January 24, 2005, granting the plaintiff's motion for summary judgment, among other things, on its first cause of action, is in favor of the plaintiff and against them, declaring that the contract between the parties was properly terminated, that the parties had no further obligations to each other pursuant to the contract, and that the plaintiff was entitled to retain all payments made thereunder as liquidated damages.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the defendant's contention that the parties' agreement was orally modified by alleged statements of the plaintiff's former attorney was barred by the provisions of General Obligations Law § 15-301. The contract expressly provided that its terms could only be modified in writing, and there was no evidence of partial performance or justifiable reliance unequivocally referable to such an oral modification (*see Rose v Spa Realty Assoc.,* 42 NY2d 338, 343-344 [1977]; *Matter of Irving O. Farber, PLLC v Kamalian,* 16 AD3d 506 [2005]; *Perry v Perry,* 13 AD3d 508 [2004]). The defendant's current argument that the plaintiff waived timely performance under the contract is improperly raised for the first time on appeal (*see Sandoval v Juodzevich,* 293 AD2d 595 [2002]; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757 [1985]). In any event, the record is devoid of evidence that the attorney possessed the authority to waive performance (*see Bryan v State-Wide Ins. Co.,* 144 AD2d 325 [1988]), or that the defendant could reasonably rely upon such a purported waiver given the circumstances of the case.

"A determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]). Since the defendant's arguments regarding the need for additional discovery in this action are completely speculative, the Supreme Court properly awarded judgment in favor of the plaintiff (*see Cordova v City of New York,* 22 AD3d 784 [2005]; *Prado v City of New York,* 19 AD3d 674 [2005]). Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.