■ B. REITMAN BLACKTOP, INC., Respondent, v PHILIP N. MISSIRLIAN, Appellant. [860 NYS2d 211]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Kerins, J.), entered February 2, 2007, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $26,100, and awarded the plaintiff an attorney's fee in the sum of $6,526.

Ordered that the judgment is affirmed, with costs.

The statute of frauds bars oral modifications to a contract which expressly provides that modifications must be in writing (*see* General Obligations Law § 15-301 [1]; *Matter of Irving O. Farber, PLLC v Kamalian,* 16 AD3d 506, 506-507 [2005]). However, an oral modification is enforceable if there is part performance that is "unequivocally referable to the oral modification," and a showing of equitable estoppel (*Rose v Spa Realty Assoc.,* 42 NY2d 338, 343, 345 [1977]; *see Healy v Williams,* 30 AD3d 466, 467-468 [2006]; *Matter of Irving O. Farber, PLLC v Kamalian,* 16 AD3d at 507; *Perry v Perry,* 13 AD3d 508, 509 [2004]). In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court and after "a bench trial it may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134 [1930]; *see Campbell v Campbell,* 50 AD3d 614 [2008]; *Flexible Bus. Sys., Inc. v Dag Media, Inc.,* 49 AD3d 808 [2008]).

Here, the Supreme Court properly found for the plaintiff as the evidence adduced at trial showed that the defendant accepted the extra work the plaintiff performed while installing a driveway on the defendant's property. There was testimony at trial that the contract price was to be determined by the final measurements of the work performed, which is supported by the contract language stating that "final price should be based on installed work" at the square foot prices indicated. Indeed, the defendant did not dispute the plaintiff's testimony as to the final measurements, which included additional square footage of Belgium blocks. Under these circumstances, the conduct of

the parties demonstrated a mutual departure from the written agreement (see *Healy v Williams,* 30 AD3d at 467-468; *Tucker v AM Sutton Assoc.,* 16 AD3d 670, 671 [2005]). The Supreme Court therefore properly concluded that the defendant waived the requirement of written modification contained in the parties' written contract (see *Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968 [1988]).

With respect to counsel fees, the contract further provided the plaintiff "may have a claim against the owner in the event he is not paid, which may be enforced against the property in accordance with the applicable lien laws. At the time of the claim against the owner the [plaintiff] will be entitled to be reimbursed for 25% legal expenses, based on the total contract price 'as liquidated damages.' " We find no reason to disturb the Supreme Court's interpretation and application of the counsel fees provision in this case. Accordingly, the Supreme Court properly awarded judgment in favor of the plaintiff and against the defendant in the principal sum of $26,100, and an attorney's fee in the sum of $6,526. Prudenti, P.J., Skelos, Balkin and Dickerson, JJ., concur.