■ STATEN ISLAND EMERGENCY PHYSICIANS, P.C., Appellant-Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL, Respondent-Appellant. [870 NYS2d 63]—

Contrary to the plaintiff's contentions, the record at trial supports the Supreme Court's determination that the defendant showed: (1) the parties orally agreed to modify the defendant's obligations under section 5.4 (iii) of the parties' series of one-year agreements dating from April 1994 through December 31, 2001 (hereinafter the obligations), (2) the parties acted in accordance with those oral modifications in fulfilling the obligations, and (3) the defendant completed its obligations in compliance therewith. Specifically, the plaintiff's failure to identify any services billed by the defendant with respect to which the plaintiff claimed entitlement to a fee under the series of agreements can be explained only by the oral modification eliminating such entitlement that the plaintiff now disputes. Therefore, the defendant was entitled to rely on those oral modifications in defending this action (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]; *B. Reitman Blacktop, Inc. v Missirlian*, 52 AD3d 752 [2008]; *J & R Landscaping v Damianos*, 1 AD3d 563, 564-565 [2003]), and the Supreme Court properly dismissed the complaint.

The plaintiff's remaining contentions are without merit or not properly before this Court. Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.