■ KATHLEEN PARKER, Also Known as KATHLEEN NAVARRA, Respondent, v DOMINICK NAVARRA, Appellant. [958 NYS2d 754]—

In a matrimonial action in which the parties were divorced by judgment dated July 22, 2004, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated January 12, 2012, as upon, in effect, denying his application for an evidentiary hearing, granted the plaintiff's motion to enforce the medical insurance and maintenance obligations set forth in a settlement agreement dated April 20, 2004, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in 1962 and divorced in 2004. Their separation agreement, which was incorporated but not merged into the judgment of divorce, required the defendant to pay one half of the plaintiff's medical insurance premiums and to pay monthly maintenance in the sum of $5,300 for the first 10 years. It is undisputed that, in 2007, the defendant started paying the plaintiff only $3,000 in monthly maintenance. At about that

time, the plaintiff's attorney wrote to the defendant protesting any reduction. In August 2011, after the defendant allegedly informed the plaintiff that he intended to reduce the payments even further, to only $800 per month, the plaintiff moved to enforce the separation agreement, seeking amounts representing arrears in maintenance and medical premium payments under the terms of the separation agreement.

The defendant opposed the motion, alleging that the parties had orally modified the maintenance provisions of the separation agreement and, alternatively, that the plaintiff should be equitably estopped from enforcing the maintenance provisions of the separation agreement. The defendant requested an evidentiary hearing so that he could present the testimony of witnesses on those issues, but did not file a cross motion to modify the separation agreement. The Supreme Court, in effect, denied the defendant's request for an evidentiary hearing and, based on the parties' submissions, granted the plaintiff the relief that she requested. The defendant appeals, raising the sole contention that the Supreme Court erred in denying his request for an evidentiary hearing to present witness testimony.

Where, as here, the parties' separation agreement contains a provision that expressly provides that modifications must be in writing, an alleged oral modification is enforceable only if there is part performance that is unequivocally referable to the oral modification (see B. Reitman Blacktop, Inc. v Missirlian, 52 AD3d 752, 753 [2008]; Healy v Williams, 30 AD3d 466, 467-468 [2006]; General Obligations Law § 15-301 [1]). The defendant did not demonstrate that the plaintiff's acceptance of reduced monthly maintenance payments was unequivocally referable to an alleged oral modification by, for example, demonstrating that consideration was given in exchange for the plaintiff's alleged oral agreement to accept reduced maintenance payments (see Gomes v Gomes, 303 AD2d 454 [2003]; Gower v Gower, 240 AD2d 632 [1997]; cf. Healy v Williams, 30 AD3d at 467-468; Kayser v Kayser, 18 AD3d 441, 442 [2005]). Thus, he failed to make a showing sufficient to entitle him to a hearing on this issue.

To establish equitable estoppel, the defendant was required to show that the plaintiff's conduct "induced [his] significant and substantial reliance upon an oral modification," and that the "conduct relied upon to establish estoppel [was] not otherwise . . . compatible with the agreement as written" (Rose v Spa Realty Assoc., 42 NY2d 338, 344 [1977]; see Sparer v Sparer, 227 AD2d 613 [1996]). Here, the plaintiff's acceptance of the reduced maintenance payments was compatible with the agree-

ment as written, which contained a clause providing that any waiver of strict enforcement of a provision of the agreement did not constitute a waiver of the party's right "to strictly enforce the provision waived at a later time." As the defendant failed to allege facts demonstrating that the plaintiff's conduct was incompatible with the written agreement, the Supreme Court properly denied his request for a hearing on the issue of equitable estoppel.

The defendant's remaining contention is raised for the first time on appeal and, thus, is not properly before this Court. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.