■ MICHAEL VOGEL, Appellant, v BEVERLIE VOGEL, Respondent. [9 NYS3d 97]—

Appeals from (1) an order of the Supreme Court, Nassau County (Maron, J.), dated August 27, 2013, and (2) an order of that court dated November 26, 2013. The order dated August 27, 2013, insofar as appealed from, denied the plaintiff's motion to remove a proceeding entitled *Matter of Vogel v Vogel*, pending in the Family Court, Suffolk County, under docket No. F-15306-12/12B, to the Supreme Court, Nassau County, and to consolidate that proceeding with this action. The order dated November 26, 2013, insofar as appealed from, granted those branches of the defendant's cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for an award of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1.

Ordered that the order dated August 27, 2013, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 26, 2013, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting those branches of the defendant's cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the seventh, eighth, and ninth causes of action, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the provision thereof granting that branch of the defendant's cross motion which was for an award of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated November 26, 2013, is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1983 and divorced in 2006. Their separation agreement, which was incorporated but not merged into the judgment of divorce, required the plaintiff to pay child support in the weekly sum of $463.50 for the parties' three children, who were unemancipated at the time the agreement was executed. Such payments were to continue until, inter alia, any of the children reached the age of 18, at which time the plaintiff's child support obligation would be "reduced proportionately by the number of children emancipated." The separation agreement also expressly provided that any modification thereto had to be in writing.

In December 2012, the defendant commenced a proceeding in the Family Court, Suffolk County, seeking, among other things, an upward modification of the plaintiff's child support obligation with regard to the parties' one remaining unemancipated child. The defendant asserted that the plaintiff was paying one-third of his original child support obligation and that the needs of the unemancipated child had "drastically increased." She asked the Family Court to increase the plaintiff's child support obligation to 17% of his 2012 earnings.

In an order dated April 19, 2013, the Family Court determined, sua sponte, that the proportional reduction provision in the separation agreement concerning the plaintiff's child support obligation was "not allocated specifically per child" and, therefore, was "not enforceable." The Family Court concluded that the plaintiff's child support obligation should be recalculated to 17% of the parties' adjusted gross income for the remaining unemancipated child.

The plaintiff did not appeal from the April 2013 Family Court order. Instead, he commenced this action in the Supreme Court, Nassau County, alleging, among other things, that in or around February 2006, the parties orally modified their separation

agreement so that "notwithstanding each child's emancipation," he continued to pay the defendant $463.50 per week as "pre-payments" for "future child support" obligations. According to the plaintiff, he continued making payments in this amount until June 1, 2012. He asserted six causes of action relating to the alleged oral modification and "pre-payments," including a cause of action seeking a judgment declaring the parties' rights and obligations in accordance with the alleged oral modification and a cause of action to recover damages for the defendant's breach of the alleged oral modification. In the seventh, eighth, and ninth causes of action, the plaintiff alleged various breaches of the parties' written separation agreement.

On the same day he commenced this action, the plaintiff moved to remove the pending support proceeding from the Family Court, Suffolk County, to the Supreme Court, Nassau County, and to consolidate that proceeding with this action. He argued that the Family Court, a court of limited jurisdiction, did not have the authority to recognize the alleged oral modification or "pre-payments" and that, as such, both parties' claims relating to child support should be heard together in the Supreme Court. The defendant opposed the motion and cross-moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for an award of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1. In an order dated August 27, 2013, the Supreme Court denied the plaintiff's motion for removal and consolidation. Thereafter, in an order dated November 26, 2013, the court granted those branches of the defendant's cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for an award of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1.

Contrary to the plaintiff's contention, the Supreme Court properly directed the dismissal of the six causes of action relating to the alleged oral modification of the parties' separation agreement. Generally, "[t]he statute of frauds bars oral modifications to a contract which expressly provides that modifications must be in writing" (*B. Reitman Blacktop, Inc. v Missirlian*, 52 AD3d 752, 753 [2008]; *see* General Obligations Law § 15-301 [1]). However, an alleged oral modification is enforceable "if there is part performance that is unequivocally referable to the oral modification" (*Parker v Navarra*, 102 AD3d 935, 936 [2013]; *see Rose v Spa Realty Assoc.*, 42 NY2d 338, 344 [1977]; *Hannigan v Hannigan*, 104 AD3d 732, 736 [2013]; *Healy v Williams*, 30 AD3d 466, 467-468 [2006]; *Kayser v Kayser*, 18 AD3d 441, 442 [2005]; *Calica v Reisman, Peirez &*

*Reisman*, 296 AD2d 367, 369 [2002]). " '[I]n order to be unequivocally referable, conduct must be inconsistent with any other explanation' " (*Hannigan v Hannigan*, 104 AD3d at 736, quoting *Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462, 463 [2003]; *see Kurlandski v Kim*, 111 AD3d 676, 677 [2013]; *Barretti v Detore*, 95 AD3d 803, 806 [2012]; *see also Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]).

Here, in his complaint, and in opposition to the defendant's cross motion, the plaintiff failed to allege acts of part performance that were unequivocally referable to the alleged oral agreement to modify the terms of the parties' separation agreement sufficient to obviate the need for a writing (*see Parker v Navarra*, 102 AD3d at 937; *Barretti v Detore*, 95 AD3d at 806). Affording the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint failed to set forth the specific terms of the alleged oral modification (*see generally Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]), failed to demonstrate that consideration was given in exchange for the defendant's alleged oral agreement to the modification (*see Parker v Navarra*, 102 AD3d at 936; *Barretti v Detore*, 95 AD3d at 806-807; *cf. Healy v Williams*, 30 AD3d at 467-468; *Kayser v Kayser*, 18 AD3d at 442), and failed to allege conduct on the plaintiff's part that was inconsistent with any other explanation (*see Anostario v Vicinanzo*, 59 NY2d at 664; *Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d at 463).

Accordingly, the Supreme Court properly granted those branches of the defendant's cross motion which were to dismiss, pursuant to CPLR 3211 (a) (7), the first six causes of action, all of which related to the alleged oral modification. Moreover, since the proceeding pending in the Family Court concerns only the parties' claims regarding child support obligations, and since the plaintiff failed to make a sufficient showing with respect to his claim that the parties had orally modified the provision of the separation agreement concerning his child support obligations, there is, under the circumstances, no reason to disturb the Supreme Court's denial of the plaintiff's motion to remove and consolidate the Family Court proceeding (*see generally Gottlieb v Gottlieb*, 294 AD2d 537, 538 [2002]).

However, the Supreme Court should have denied those branches of the defendant's cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the seventh, eighth, and ninth causes of action. Accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible

favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), the complaint sufficiently stated causes of action to recover damages for various breaches of the parties' written separation agreement (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]).

The Supreme Court also should have denied that branch of the defendant's cross motion which was for an award of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1. Conduct is frivolous within the meaning of 22 NYCRR 130-1.1 where it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another," or "it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c] [1], [2], [3]; *see Matter of Miller v Miller*, 96 AD3d 943, 944 [2012]). Here, the Supreme Court did not set forth the reasons why it found the plaintiff's conduct was frivolous, or the reasons why the award was appropriate (*see Matter of Nathan F.T. [Nathan H.]*, 110 AD3d 820, 821 [2013]). Moreover, the plaintiff's conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Matter of Nathan F.T.*, 110 AD3d at 821; *Matter of Katz v Shomron*, 71 AD3d 770 [2010]). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.