In the Matter of WALKIRIA MURPHY, Respondent, v JAMES MURPHY, Appellant. [34 NYS3d 167]—

Appeals from (1) an order of the Family Court, Richmond County (Karen B. Wolff, J.), dated September 8, 2015, (2) an amended order of that court dated September 25, 2015, and (3) an order of that court dated December 18, 2015. The order dated September 8, 2015, and the amended order dated September 25, 2015, denied the father's objections to (a) an order of that court (Janele Hyer-Spencer, S.M.), dated April 22, 2015, which, after a hearing, granted the mother's petition, inter alia, to enforce certain provisions of the parties' separation agreement and fixed the father's arrears for educational expenses for the parties' children in the sum of $21,698.72, (b) a second order of that court dated April 22, 2015, awarding counsel fees to the mother in the sum of $17,277.50, and (c) a third order of that court dated April 22, 2015, directing the entry of a money judgment in favor of the mother and against him. The order dated December 18, 2015, denied the father's motion, in effect, for leave to renew and reargue his objections to the orders dated April 22, 2015.

Ordered that the appeal from the order dated September 8, 2015, is dismissed, without costs or disbursements, as that

order was superseded by the amended order dated September 25, 2015; and it is further,

Ordered that the appeal from so much of the order dated December 18, 2015, as denied that branch of the father's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the amended order dated September 25, 2015, is modified, on the law and the facts, by deleting the provision thereof denying the father's objections to so much of the first order dated April 22, 2015, as fixed his arrears for educational expenses in the sum of $21,698.72, and substituting therefor provisions (a) granting those objections, (b) vacating the provision of the first order dated April 22, 2015, fixing the father's arrears for educational expenses in the sum of $21,698.72, and (c) fixing the father's arrears for educational expenses in the sum of $12,340.72; as so modified, the amended order is affirmed, without costs or disbursements, the third order dated April 22, 2015, directing the entry of a money judgment, is modified accordingly, and the order dated September 8, 2015, is vacated; and it is further,

Ordered that the order dated December 18, 2015, is affirmed insofar as reviewed, without costs or disbursements.

The mother and the father, who have two children together, entered into a separation agreement dated August 25, 2000, which was incorporated but not merged into a judgment of divorce dated May 28, 2002. The agreement provided that the father would pay a pro rata share, set at the time of the agreement at 70%, of private school and college tuition for the children. For the next nine years, the father paid 50% of the children's educational expenses. When the father stopped making any payment for educational expenses, the mother commenced this proceeding, inter alia, to enforce the provisions of the separation agreement pertaining to those expenses.

After a hearing, the Support Magistrate determined that the father was in arrears for the children's educational expenses in the sum of $21,698.72, which included 70% of unpaid tuition expenses as well as the difference between 50% and 70% of those expenses which the father had paid. In three separate orders, all dated April 22, 2015, the Support Magistrate fixed the father's arrears for the children's educational expenses in the sum of $21,698.73, awarded counsel fees to the mother in the sum of $17,277.50, and directed the entry of a money judgment in favor of the mother and against the father in the amount of the arrears and counsel fees. The father filed objec-

tions to the Support Magistrate's orders, which were denied by the Family Court. The father then moved, in effect, for leave to renew and reargue his objections to the orders dated April 22, 2015, which motion was also denied.

The Family Court properly denied the father's objection to the Support Magistrate's order fixing arrears for educational expenses, which objection was made on the ground that the parties had modified the separation agreement to require the father to pay 50% of the children's educational expenses. The father failed to demonstrate that there was any consideration for such a modification, or that the parties' conduct with respect to the payment of educational expenses was unequivocally referable to the alleged modification (*see Vogel v Vogel*, 128 AD3d 681, 684 [2015]; *Parker v Navarra*, 102 AD3d 935, 936 [2013]; *Matter of Maurer v Erdheim*, 292 AD2d 455 [2002]).

However, the Family Court should have granted the father's objection to that order on the ground that the mother waived her right to a 70% contribution to tuition from the 2001/2002 school year until the filing of her enforcement petition. A waiver, which does not require consideration, constitutes "no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *see Matter of Tafuro v Tafuro*, 102 AD3d 877, 878-879 [2013]; *Matter of O'Connor v Curcio*, 281 AD2d 100, 102 [2001]). "It may arise by either an express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" (*Matter of Hinck v Hinck*, 113 AD3d 681, 682 [2014]; *see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]; *Stassa v Stassa*, 123 AD3d 804, 806 [2014]).

Here, the mother acknowledged at the hearing that she had affirmatively requested that the father pay half of the children's tuition bills, including making the notation "your half" or similar direction, on some, though not all, of the tuition statements she sent to the father. This evidence, coupled with the mother's acceptance of the 50% payments for nine years, demonstrated that she intentionally abandoned her right to a 70% contribution prior to the filing of her enforcement petition (*see Hannigan v Hannigan*, 104 AD3d 732, 734-735 [2013]; *see also Matter of Tafuro v Tafuro*, 102 AD3d at 878-879). Accordingly, in calculating the father's arrears for educational expenses, the Support Magistrate should not have included the difference between 50% and 70% of the children's tuition for the years preceding the filing of the enforcement petition. Ac-

cordingly, the father's objections to so much of the Support Magistrate's order as fixed the father's arrears for educational expenses in the sum of $21,698.72, should have been granted, and because the record is sufficiently developed to permit recalculation of the arrears, we determine that the father owes arrears for educational expenses in the sum of $12,340.72.

The Family Court properly denied the father's objections to the Support Magistrate's order awarding counsel fees, as that award was based upon a finding that the father wilfully violated the divorce judgment, including by ceasing to make tuition payments (*see* Family Ct Act § 438 [b]; *Matter of Villanti v Grucci*, 111 AD3d 842, 842-843 [2013]; *Matter of Rutuelo v Rutuelo*, 98 AD3d 518 [2012]).

The Family Court providently exercised its discretion in denying that branch of the father's motion which was, in effect, for leave to renew his objections, as the father failed to "[present] new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; *see Fast Track Process Serving Corp. v Seepersad*, 131 AD3d 1201, 1202 [2015]). Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.