Singh v Benzina, Inc. (2020 NY Slip Op 07939)





Singh v Benzina, Inc.


2020 NY Slip Op 07939


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-14678 
2019-00280
 (Index No. 3658/18)

[*1]Harinder Singh, appellant, 
v
Benzina, Inc., etc., et al., respondents.


Greenwald Law, P.C., Chester, NY (Jamie Greenwald of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 21, 2018, and (2) a judgment of the same court dated December 3, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability for breach of contract. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the causes of action seeking specific performance and damages for breach of contract; as so modified, the judgment is affirmed, those branches of the defendants' motion which were for summary judgment dismissing the causes of action seeking specific performance and damages for breach of contract are denied, the order dated November 21, 2018, is modified accordingly, those causes of action are reinstated and severed, and the matter is remitted to the Supreme Court, Orange County, for further proceedings on those causes of action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The defendant Benzina, Inc. (hereinafter Benzina), through its officer the defendant Benedetto Papaleo (hereinafter Papaleo), acquired a dilapidated gas station located in Newburgh, Orange County (hereinafter the subject property) in 2008. On January 17, 2014, Benzina and the plaintiff entered into an agreement (hereinafter the Option to Lease) under which the plaintiff agreed to pay $100,000 in exchange for the option to lease the subject property for the purpose of operating [*2]a gas station and convenience store on the subject property after Benzina rehabilitated it. The Option to Lease called for the plaintiff to split his payment into two equal parts. The first $50,000 became due upon execution of the Option to Lease, with $25,000 of that amount held in escrow until Benzina obtained a certificate of occupancy for the subject property. The remaining $50,000 became due upon the plaintiff's exercise of the option, which he could accomplish by sending written notice to Benzina before July 1, 2014. It is undisputed that Benzina had not obtained any permits to begin rehabilitating the subject property and the plaintiff had not followed the procedure for exercising his option by that date.
The Option to Lease also contained a provision requiring that all modifications be in writing and signed by Benzina and the plaintiff. Nevertheless, correspondence between the parties' counsel in August 2014 indicates that the plaintiff and Papaleo orally agreed to modify the Option to Lease in some respect, and that pursuant to this oral modification, the plaintiff authorized the release of the $25,000 being held in escrow to Benzina even though Benzina had not obtained a certificate of occupancy for the subject property. Benzina proceeded with the rehabilitation project over the next four years. The record conflicts as to whether the plaintiff remained involved with the project, but there is no dispute that the plaintiff did not try to exercise the option during that time. The defendants' counsel ultimately sent the plaintiff a letter on December 27, 2017, that purported to terminate the Option to Lease.
The plaintiff commenced this action against the defendants, alleging, among other things, that the defendants breached the orally modified Option to Lease by repudiating it prior to completing the rehabilitation project. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of the defendants' liability for breach of contract. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion by order dated November 21, 2018. The court issued judgment upon the order on December 3, 2018. The plaintiff appeals.
We disagree with the Supreme Court's determination to grant the defendants' motion for summary judgment insofar as it sought dismissal of the causes of action alleging that the defendants breached the Option to Lease. "Generally '[t]he statute of frauds bars oral modification[ ] to a contract which expressly provides that modifications must be in writing'" (Vogel v Vogel, 128 AD3d 681, 683, quoting B. Reitman Blacktop, Inc. v Missirlian, 52 AD3d 752, 753; see General Obligations Law § 15-301[1]). Nevertheless, "an alleged oral modification is enforceable 'if there is part performance that is unequivocally referable to the oral modification'" (Vogel v Vogel, 128 AD3d at 683, quoting Parker v Navarra, 102 AD3d 935, 936). In addition, "[o]nce a party to a written agreement has induced another's significant and substantial reliance upon an oral modification, the first party may be estopped from invoking the statute to bar proof of that oral modification" (Rose v Spa Realty Assoc., 42 NY2d 338, 344).
Initially, contrary to the defendants' insistence that the plaintiff's only evidence of an oral modification was a letter signed by his own counsel, the defendants' own submissions included a letter dated August 21, 2014, in which their counsel acknowledged that the parties orally "agreed to change the terms of the Option to Lease Agreement." The defendants' counsel noted "in particular" that the parties agreed to modify the requirement that the defendants obtain a certificate of occupancy before the plaintiff released the $25,000 held in escrow. We nevertheless agree with the Supreme Court that the defendants satisfied their prima facie burden by submitting evidence sufficient to show that they did not breach the Option to Lease as written, and that they either did not breach the orally-modified terms of the Option to Lease or that the oral modification was unenforceable (see General Obligations Law § 15-301[1]).
In opposition, however, the plaintiff raised a triable issue of fact. The plaintiff submitted an affidavit in which he averred that the only reason he agreed to release the $25,000 held in escrow was in accordance with the parties' oral modification of the Option to Lease. He also averred that he actively participated in the defendants' rehabilitation project at the defendants' request by assisting in design choices, locating contractors, and regularly inspecting the worksite, among other things. The plaintiff also supplied documentation of his agreement with a gasoline [*3]supplier that he claimed he entered into in reliance upon the oral modification. Lastly, the plaintiff averred that the terms of the parties' oral modification included an indefinite extension of his irrevocable option to lease.
The plaintiff thus raised triable issues of fact as to whether his part performance rendered the parties' oral modification enforceable and as to whether the defendants are estopped from denying that such a modification occurred (see Abramowitz v Lefkowicz & Gottfried, LLP, 160 AD3d 790, 792-793). Moreover, "[w]here the terms of an oral agreement between disputing parties are at issue, a trial is the only remedy" (John Treibar Agency v Spartan Concrete Corp., 268 AD2d 506, 506), and the plaintiff's evidence here raised a triable issue as to the terms of the oral modification. We note that while the plaintiff's counsel's letter dated August 21, 2014, is not competent evidence of the parties' oral modification standing alone (see General Obligations Law § 15-301[1]), the Supreme Court here "may consider" this evidence of a "past oral exchange[ ]" because it is accompanied by evidence of conduct that appears to be "unequivocally referable to the oral modification" (see Rose v Spa Realty Assoc., 42 NY2d at 343-344). We therefore conclude that the defendants were not entitled to summary judgment dismissing the causes of action seeking specific performance and to recover damages for breach of contract.
We agree with the Supreme Court's determination granting those branches of the defendants' motion which were for summary judgment dismissing the fraudulent inducement and promissory estoppel causes of action. As the defendants argue, the evidence of a valid and enforceable contract between the parties precludes recovery under fraudulent inducement or promissory estoppel arising out of the same subject matter (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 814; Brown v Lockwood, 76 AD2d 721, 731-732).
We also agree with the Supreme Court's award of summary judgment dismissing the cause of action alleging breach of a personal guaranty against Papaleo. A "'guarantor's liability accrues only after default on the part of the principal obligor'" (Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 10, affd 8 NY3d 59, quoting Brewster Tr. Mix Corp. v McLean, 169 AD2d 1036, 1037). Here, in support of their motion, the defendants established that Benzina paid the plaintiff the full $50,000 he alleged that Papaleo was liable for as a guarantor. The plaintiff failed to raise a triable issue of fact in opposition.
Finally, we agree with the Supreme Court's determination denying the plaintiff's cross motion for summary judgment on the issue of the defendants' liability for breach of contract. Outstanding triable issues of fact as to the terms and enforceability of the parties' oral modification precluded an award of summary judgment in the plaintiff's favor on the question of whether the defendants breached the written or orally modified terms of the Option to Lease. In addition, while the plaintiff satisfied his prima facie burden of establishing the defendants' breach of the implied covenant of good faith and fair dealing in support of his cross motion, the defendants raised a triable issue of fact in opposition by submitting evidence that, if credited, could justify their apparent inaction on the rehabilitation of the subject property until after the option expired.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court