Elwood Intl., Inc. v Universal Coffee Corp. (2023 NY Slip Op 02497)

Elwood Intl., Inc. v Universal Coffee Corp.

2023 NY Slip Op 02497

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-00778
 (Index No. 20586/12)

[*1]Elwood International, Inc., appellant, 
v
Universal Coffee Corporation, respondent.

Andrea & Towsky (Bardavid Law, P.C., New York, NY [Joshua E. Bardavid], of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 21, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment on its counterclaim for a credit in the sum of $76,369.41 against any amount owed by the defendant to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment on its counterclaim for a credit in the sum of $76,369.41 against any amount owed to the plaintiff is denied.
In July 2012, the plaintiff commenced this action to recover damages representing the cost of unpaid goods that the plaintiff delivered to the defendant between September 7 and November 9, 2011. The defendant answered and asserted, inter alia, a counterclaim for a credit in the sum of $76,369.41 against any amount owed by it to the plaintiff. The defendant alleged, inter alia, that the plaintiff, through its now-deceased president and owner, orally agreed to provide a credit to the defendant for increased costs incurred by the defendant in obtaining goods from another manufacturer during the time in which the plaintiff's manufacturing was shut down due to a sewer main break near the plaintiff's plant. The defendant thereafter moved, inter alia, for summary judgment on that counterclaim. In an order dated May 21, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiff appeals.
The defendant failed to establish its prima facie entitlement to judgment as a matter of law on its counterclaim. The defendant submitted the deposition testimony of its director of sales and marketing, which supported the defendant's claim that the plaintiff had agreed to provide it with a credit in the sum of $76,369.41. However, the defendant also submitted the deposition transcript of the plaintiff's office manager and bookkeeper, who testified that a credit of $76,369.41 was never recorded in the plaintiff's computerized invoicing system (see Pryor & Mandelup, LLP v Sabbeth, 82 AD3d 731, 732; Marren v Ludlam, 14 AD3d 667, 669). The office manager and bookkeeper also testified that she was the only person who issued credits on invoices in the computer and that the plaintiff's president never told her that he was going to give a credit to the defendant in that amount (see Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 813; Feinberg v Sanz, 115 AD3d 705, 707). Further, the office manager and bookkeeper testified that she was not aware of any credits given by the plaintiff to any customers for goods that the plaintiff could not supply during the [*2]time that the plaintiff was shut down due to the sewer incident. The defendant also submitted copies of the plaintiff's computerized invoices which showed that no credit was ever recorded.
Accordingly, since the defendant's submissions failed to eliminate triable issues of fact as to whether an oral agreement actually existed between the plaintiff and the defendant, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment on its counterclaim for a credit in the sum of $76,369.41 (see Singh v Benzina, Inc., 189 AD3d 1494, 1497; Marcum, LLP v Silva, 117 AD3d 919), regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court