Matter of Hanford v Hanford (2025 NY Slip Op 00446)

Matter of Hanford v Hanford

2025 NY Slip Op 00446

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-03121
 (Docket No. F-17991-22/22A)

[*1]In the Matter of Anne Hanford, respondent, 
v
Daniel Hanford, appellant.

Mitev Law Firm, P.C., Stony Brook, NY (Vesselin V. Mitev of counsel), for appellant.
Bryant & Bleier, LLP, New York, NY (Anne Peyton Bryant of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Raymi V. Ramseur-Usher, J.), dated April 12, 2024. The order denied the father's objections to an order of the same court (Gabriella F. Richman, S.M.) dated February 20, 2024, and an order of disposition of the same court (Gabriella F. Richman, S.M.), also dated February 20, 2024, both of which, after a hearing, found that the father violated the child support provisions of the parties' separation agreement and directed the father to pay child support arrears in the sum of $93,612.45.
ORDERED that the order dated April 12, 2024, is modified, on the law and the facts, by deleting the provision thereof denying the father's objection to so much of the order dated February 20, 2024, and the order of disposition also dated February 20, 2024, as directed the father to pay the sum of $93,486.29 in basic child support arrears, and substituting therefor a provision granting that objection to the extent of vacating so much of the order dated February 20, 2024, and the order of disposition also dated February 20, 2024, as directed the father to pay the sum of $93,486.29 in basic child support arrears; as so modified, the order dated April 12, 2024, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new determination of the amount of the father's basic child support arrears.
The parties, who have one child together, divorced in 2016. In their separation agreement, which was incorporated but not merged into the judgment of divorce, the parties agreed that the father would pay the mother child support. The separation agreement also provided that neither the separation agreement nor any provisions thereof could be modified or waived except by a writing "duly subscribed and acknowledged with the same formality as" the separation agreement itself. The mother does not dispute that in April 2017, the parties reached an agreement by email to reduce the amount of child support. From April 2017 until September 2022, the father paid the mother child support at the reduced amount agreed upon by the parties.
In 2022, the mother filed a violation petition. After a hearing, the Support Magistrate, in an order dated February 20, 2024, and an order of disposition also dated February 20, 2024, found that the father violated the child support provisions of the separation agreement and directed the [*2]father to pay child support arrears in the sum of $93,612.45, which consisted of basic child support arrears in the sum of $93,486.29 and unreimbursed health expenses in the sum of $126.16. The father filed objections to the Support Magistrate's order and order of disposition. In an order dated April 12, 2024, the Family Court denied the father's objections. The father appeals.
There is a distinction between a modification agreement and a waiver. A modification agreement, "because it is an agreement based upon consideration, is binding according to its terms and may only be withdrawn by agreement" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see Matter of O'Connor v Curcio, 281 AD2d 100, 102). A waiver, on the other hand, does not require consideration (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d at 184). Rather, a waiver requires "no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (id.; see Matter of Murphy v Murphy, 140 AD3d 1168, 1170). A waiver, "to the extent that it has been executed, cannot be expunged or recalled, but, not being a binding agreement, can, to the extent that it is executory, be withdrawn" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d at 184 [citation omitted]; see Matter of O'Connor v Curcio, 281 AD2d at 102). A waiver "may arise by either an express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage" (Matter of Murphy v Murphy, 140 AD3d at 1170 [internal quotation marks omitted]).
"An agreement which does not satisfy the prerequisites of a legally binding modification agreement may nonetheless constitute a valid waiver, which cannot be withdrawn once the parties have performed in accordance with its terms" (Matter of O'Connor v Curcio, 281 AD2d at 103). Further, "a contractual provision which sets forth requirements for a legally enforceable waiver may itself be waived" (id.).
Here, the mother's testimony that she agreed to the reduced amount of child support, coupled with the mother's acceptance of the reduced payments for five years, demonstrates that she intentionally abandoned the right she possessed to receive child support at the rate set forth in the separation agreement for the years preceding her violation petition (see Matter of Murphy v Murphy, 140 AD3d at 1170-1171; Matter of O'Connor v Curcio, 281 AD2d at 105). Contrary to the Support Magistrate's determination, the mother's express waiver of her future child support payments was valid and enforceable (see Matter of Tafuro v Tafuro, 102 AD3d 877, 879; Matter of Savini v Burgaleta, 69 AD3d 734, 735) until the mother validly withdrew it by filing the violation petition.
The father's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we modify the order dated April 12, 2024, by deleting the provision thereof denying the father's objection to so much of the Support Magistrate's order and order of disposition as directed the father to pay the sum of $93,486.29 in basic child support arrears, and substituting therefor a provision granting that objection to the extent of vacating so much of the Support Magistrate's order and order of disposition as directed the father to pay the sum of $93,486.29 in basic child support arrears, and we remit the matter to the Family Court, Kings County, for a new determination of the amount of basic child support arrears owed to the mother by the father from the date of commencement of this proceeding.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court