2261 Realty, LLC v Cai Ping Wang (2025 NY Slip Op 05210)

2261 Realty, LLC v Cai Ping Wang

2025 NY Slip Op 05210

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-12107
2023-12482
 (Index No. 530870/22)

[*1]2261 Realty, LLC, respondent, 
v
Cai Ping Wang, et al., appellants.

Schiller Law Group, P.C., Catskill, NY (Chaim Howard Berglas of counsel), for appellants.
Leon I. Behar, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated November 14, 2023, and (2) a judgment of the same court dated December 21, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover damages for breach of contract and dismissing the defendants' fourth, fifth, and sixth affirmative defenses. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the principal sum of $105,365.55.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover damages for breach of contract and dismissing the defendants' fourth, fifth, and sixth affirmative defenses are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2017, the plaintiff, as landlord, entered into a written lease agreement with the defendant NY PDK Trading, Inc., as tenant (hereinafter the tenant), for a commercial unit in a building located in Brooklyn (hereinafter the premises) where the tenant would operate a gift shop. The defendant Cai Ping Wang, the tenant's principal, executed a personal guaranty in connection with the lease. The lease was for a term of five years, from November 1, 2017, to October 31, 2022. Pursuant to the lease agreement, rent was due on the first of each month. Pursuant to section 61 of the lease agreement, any rent installment paid more than five days past the due date was deemed a late payment subject to a late fee of 10% of the rent due. Pursuant to section 71 of the lease [*2]agreement, any modification of the lease agreement was required to be in writing and signed by the party against whom enforcement of such modification is sought. Pursuant to section 75 of the lease agreement, the tenant was permitted to cancel the lease at any time upon six months' prior written notice.
In March 2020, the tenant's gift shop was forced to close for at least two months due to the COVID-19 pandemic. In September 2021, the plaintiff commenced a nonpayment proceeding against the tenant based on allegations that the tenant had failed to pay rent and additional rent pursuant to the lease agreement. In August 2022, the nonpayment proceeding was resolved by a stipulation in which the tenant consented to a final judgment of possession and the issuance of a warrant of eviction, with execution stayed until the last date of the lease term. The stipulation was made without prejudice to the plaintiff's claims for rent and additional rent through October 2022, and those claims were "severed for plenary action." The tenant vacated the premises on October 1, 2022, one month prior to the expiration of the lease.
In October 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, seeking to recover rent and additional rent under the terms of the lease agreement and the guaranty. The defendants filed an answer asserting various affirmative defenses. The fourth, fifth, and sixth affirmative defenses were premised upon a theory of promissory estoppel or two alleged oral modifications of the lease agreement. In the fourth affirmative defense, the defendants alleged that they "reasonably and to their detriment relied upon [the] [p]laintiff's representation that [the] [d]efendants would be permitted to tender monthly rental payments in two installments during the month," rather than paying the full month's rent on the first of each month. In the fifth affirmative defense, they alleged that "[a]s a result of the COVID-19 pandemic, and the resulting restrictions imposed by [various levels of government], [the] [d]efendants' business suffered losses," that they "reasonably and to their detriment relied upon [the] [p]laintiff's representations that [the] [d]efendants['] rent was to be reduced," and that they had "tendered payment of the reduced rent in full." In the sixth affirmative defense, the defendants alleged that in reasonable reliance on the plaintiff's representation with respect to the reduced rent, the defendants "declined to exercise the early termination clause granted to them under the terms and conditions of the lease [agreement]."
The plaintiff moved, among other things, for summary judgment on the breach of contract cause of action and dismissing the defendants' fourth, fifth, and sixth affirmative defenses, asserting that it was entitled to recover rent and additional rent in the sum of $105,365.55. In an order dated November 14, 2023, the Supreme Court, inter alia, granted those branches of the motion. The court subsequently issued a judgment dated December 21, 2023, in favor of the plaintiff and against the defendants in the principal sum of $105,365.55. The defendants appeal.
In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, and where conflicting inferences may be drawn, the court must draw those most favorable to the nonmoving party (see Saunders v Nostrand 1543, LLC, 230 AD3d 1261, 1263; Stukas v Streiter, 83 AD3d 18, 22). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Walker v Ryder Truck Rental & Leasing, 206 AD3d 1036, 1037-1038 [internal quotation marks omitted]; see Spilman v Matyas, 212 AD3d 859, 860).
To establish promissory estoppel, a party must generally demonstrate (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) some injury sustained in reliance on that promise (see Delmaestro v Marlin, 168 AD3d 813, 816; Matter of Weaver v Town of N. Castle, 153 AD3d 531, 534; Rogers v Town of Islip, 230 AD2d 727).
Although "[t]he statute of frauds bars oral modifications to a contract which expressly provides that modifications must be in writing" (B. Reitman Blacktop, Inc. v Missirlian, 52 AD3d 752, 753; see General Obligations Law § 15-301[1]), an alleged oral modification is enforceable "if [*3]there is part performance that is unequivocally referable to the oral modification" (Parker v Navarra, 102 AD3d 935, 936; see Pace v Robertson, 235 AD3d 989; Singh v Benzina, Inc., 189 AD3d 1494, 1496). "In order to be unequivocally referable, conduct must be inconsistent with any other explanation" (Vogel v Vogel, 128 AD3d 681, 684 [alteration and internal quotation marks omitted]; see Kirk v Kirk, 207 AD3d 708, 712; Hannigan v Hannigan, 104 AD3d 732, 736).
Here, the plaintiff's submissions presented triable issues of fact as to the defendants' affirmative defenses of promissory estoppel or oral modifications of the lease agreement. In support of its motion, the plaintiff submitted, among other things, the stipulation in the nonpayment proceeding, an affidavit from one of its members, and a chart or spreadsheet, referred to as an "Arrears Report," showing rent amounts charged and paid by the tenant under the lease agreement from March 2019 through August 2022 (hereinafter the rent ledger). The plaintiff did not submit a copy of the lease agreement (cf. VRA Family L.P. v Salon Mgt. USA, LLC, 183 AD3d 614, 615). The rent ledger partly supported the defendants' allegations, including that the tenant paid rent in two installments during the month, once on or near the 11th of each month and once on or near the 21st of each month, for approximately 3½ years. Further, the rent ledger demonstrated that no rent was paid during the months that the tenant's gift shop was closed at the beginning of the COVID-19 pandemic. The rent ledger further demonstrated that the tenant consistently paid, and the plaintiff consistently accepted, a reduced rent each month from the time of the gift shop's closure in March 2020 until August 2022, just a few months before the expiration of the lease.
In the affidavit submitted by the plaintiff in support of its motion, John Bennardo, a member of the plaintiff, generally described the terms of the lease agreement and the procedural history of the action, but he did not mention the COVID-19 pandemic or any discussions with Cai Ping Wang about modifying the terms of the lease agreement or trying to prevent cancellation of the lease.
Under these circumstances, the plaintiff's own submissions failed to eliminate all triable issues of fact as to whether it made clear and unambiguous promises to the defendants, upon which they reasonably and foreseeably relied to their detriment, thereby causing injury (see generally Delmaestro v Marlin, 168 AD3d at 816). Further, those submissions failed to eliminate all triable issues of fact as to whether there was "part performance" by the plaintiff that was "unequivocally referable" to the alleged oral modifications of the lease agreement (Parker v Navarra, 102 AD3d at 936; cf. Kirk v Kirk, 207 AD3d at 712).
As the plaintiff failed to meet its initial burden as the movant, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the breach of contract cause of action and dismissing the defendants' fourth, fifth, and sixth affirmative defenses regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court